**WO**                                                                                              SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Roberts, | No. CV 06-1950-PHX-SMM (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

Plaintiff William Roberts, confined in the Maricopa County Durango Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. This is one of more than 1,000 civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] The Court will order Defendant Arpaio to answer the Complaint.

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. The Court will assess an initial partial filing fee of $22.00. 28 U.S.C.§ 1915(b)(1)(A). The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**III. Complaint**

Plaintiff names Joseph Arpaio as Defendant. His Complaint contains three counts. In Count I, Plaintiff alleges that Defendant provides inmates with insufficient amounts of food and that the food is spoiled and mishandled. In Count II, Plaintiff alleges that he is housed in an overcrowded cell, which causes confrontations and threats to his safety; the lights are always on; and he gets only one hour of recreation per month. In Count III, Plaintiff alleges that housing conditions are unsanitary because there are inadequate cleaning supplies, insufficient sinks and toilets, and spiders and insects.

1   For relief, Plaintiff requests compliance with Hart v. Hill and monetary damages.

2   Counts I, II, and III state claims against Defendant Arpaio, and the Court will order him to answer the Complaint.

**IV.  No Relief Available Under Hart v. Hill**

In his "Request For Relief," Plaintiff asks the Court to order the Sheriff to comply with the Amended Judgment in Hart v. Hill. However, in order to state a claim under 42 U.S.C. § 1983, Plaintiff must show that the conduct of the Defendants deprived him of a constitutional or other federal right. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (*en banc*).  Injunctive relief sought in connection with the rights enumerated in the Amended Judgment of the class action Hart v. Hill, CV 77-0479-PHX-EHC (MS), may only be sought or enforced within the original case.  The Amended Judgment in the class action precludes Plaintiff from seeking separate and individual injunctive relief.

Likewise, Hart v. Hill provides no independent cause of action for monetary relief. See Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws." Id. at 1123.  Remedial decrees are the means by which unconstitutional conditions are corrected, but they do not create or enlarge constitutional rights. Id. at 1123. Although the class action does not foreclose an individual complaint for damages, see Hiser v. Franklin, 94 F.3d 1287 (9th Cir.1996), Plaintiff must demonstrate some right of action and legal entitlement to the monetary damages he seeks.

**V.  Warnings**

   **A.  Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

**D. Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $22.00.

(3) Defendant Arpaio must answer the Complaint.

(4) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant.

(5) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the

1  Complaint or within 60 days of the filing of this Order, whichever is later, the action may be
2  dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of
3  Civil Procedure 16.2(b)(2)(B)(i).

4      (7)  The United States Marshal must retain the Summons, a copy of the Complaint,
5  and a copy of this Order for future use.

6      (8) The United States Marshal must notify Defendant of the commencement of this
7  action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
8  Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The
9  Marshal must immediately file requests for waivers that were returned as undeliverable and
10 waivers of service of the summons. If a waiver of service of summons is not returned by
11 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
12 Marshal must:

13         (a)  Personally serve copies of the Summons, Complaint, and this Order upon
14         Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

15         (b)  Within 10 days after personal service is effected, file the return of service
16         for Defendant, along with evidence of the attempt to secure a waiver of service of the
17         summons and of the costs subsequently incurred in effecting service upon Defendant.
18         The costs of service must be enumerated on the return of service form (USM-285) and
19         must include the costs incurred by the Marshal for photocopying additional copies of
20         the Summons, Complaint, or this Order and for preparing new process receipt and
21         return forms (USM-285), if required. Costs of service will be taxed against the
22         personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of
23         Civil Procedure, unless otherwise ordered by the Court.

24     (9) If Defendant agrees to waive service of the Summons and Complaint, he must
25 return the signed waiver forms to the United States Marshal, not the Plaintiff.

26     (10)  Defendant must answer the Complaint or otherwise respond by appropriate
27 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
28 Rules of Civil Procedure.

1  (11)  This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules
2  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.
3  DATED this 27th day of September, 2006.

Stephen M. McNamee
United States District Judge